IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRUCE CLARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2004-CV-4167-JPG |
| ) | |
| DENNIS G. HATCH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Defendants Dennis Hatch and Kathy Twine's motions to dismiss the claims against them in this case (Doc. 19), to which Plaintiff responded. (Doc. 32).

This case apparently stems from a divorce or child custody lawsuit between Plaintiff Bruce Clarry and his ex-wife, Nova. Defendant Dennis Hatch, an Illinois circuit judge, is apparently assigned to those proceedings. Kathy Twine, for her part, is a member of the Illinois Judicial Inquiry Board whose relevance to this case we'll explore momentarily. As a global matter note that Plaintiff, proceeding pro se in this matter, seeks damages from these Defendants for alleged racial discrimination against him. Let's consider Plaintiff's claims against Judge Hatch first. Noting that Judge Hatch is white and that Plaintiff is black, Plaintiff says that Judge Hatch, again, motivated by racial animus, wronged Plaintiff by ignoring his motions; revoking his visitation with his children without just cause; terminating his parental rights; denying him reasonable visitation with his children; ignoring his evidence; denying his discovery; interfering with his attorney-client relationship; disregarding the state child support guidelines; and ordering

him to pay excessive attorney's fees and costs–all in violation of 42 U.S.C. §2000d.

As suggested above, Judge Hatch–through a representative provided by the Illinois Attorney General's office, to be sure–parried on several grounds, though it's worth noting that counsel's efforts along those lines was somewhat disappointing. For one thing, one third of Judge Hatch's brief is dedicated to establishing that Plaintiff can't prevail under §2000d. But that's as true as it is irrelevant. Granted, §2000d requires that a plaintiff under that section be "the intended beneficiary of, or an applicant for, or a participant in a federally funded program" (Doc. 20 at 5), and Illinois state courts are none of these things. So counsel's position would be well-taken if this were a motion for summary judgment. But it's not, and an entirely different principle applies to motions to dismiss. Consider cases like *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999), which hold that "complaints need not articulate legal theories" at all. Indeed, "[t]his is the difference between notice pleading [i.e., what's applicable in federal court] and code pleading [applicable in Illinois]; abandonment of code pleading is the fundamental choice behind [FED. R. CIV. P.] 8, the reason why it does not contain the phrase 'cause of action,' a term of art in code pleading days." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (emphasis in original). More, allegations of "racial discrimination" by "state officials" should set off bells and whistles with any reasonably competent civil rights litigator in any event. Note that 42 U.S.C. §1983, which is easily the most cited statute in federal civil rights litigation, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Allegations of "racial discrimination" unquestionably invoke the Equal Protection Clause of the

Fourteenth Amendment–a "right," for its part, "secured by the Constitution."

Thus we reach counsel's alternative ground for dismissal of Judge Hatch from this case–that as an Illinois state *judge* he's entitled to *qualified* immunity.  Again, counsel's reliance on the doctrine of qualified immunity, as opposed to absolute immunity, is puzzling at best.  *Stump v. Sparkman*, 435 U.S. 349 (1978), has long since held that (i) "judges" are absolutely immune from suits for (ii) "monetary damages" arising from their (iii) "judicial acts."  Points (i) and (ii) are undisputed here and clearly alleged accordingly in Plaintiff's complaint, and although Plaintiff "disagrees" that the relevant acts "occur[red] . . within the scope of [Judge Hatch's] judicial powers," even a cursory review of those acts clearly rebuts Plaintiff's position.  See *Newman v. State of Indiana*, 129 F.3d 937, 941 (7th Cir. 1997).

Judge Hatch can't be entirely dismissed from this case at this point, however, as subsequent filings have seemingly altered the nature of Plaintiff's claim against Judge Hatch.  Styled a paper "Requesting Hearing for Intervention," Plaintiff moves the Court for an "order [directing that] cases Clarry vs. Pulke No. 00-F-34 and Clarry vs. Clarry No. 91-d-131, be moved to St. Clair county circuit court and that the court appoint the judge.  Also [ ] since they have had plenty of time to resolve the issues which have adversely affected my family for over a year, order Perry County to move the cases within 20 days of notification."  In other words, and as the Court understands things, Plaintiff wants to amend his complaint to add a claim against Judge Hatch (the presiding judge in those cases) for relief in the form of an injunction–which the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), places outside the scope of judicial immunity.  As to counsel's alternative argument, the Court finds that the principles recently set forth in *Exxon Mobil Corp. v. Saudi Basic Industries*, 125 S. Ct. 1517 (2005), reject the notion that

Plaintiff's suit is barred by the *Rooker-Feldman* doctrine.

That said, we're now left to consider Plaintiff's claims against Ms. Twine who, the Court notes, is represented by the same lawyer who represents Judge Hatch in this case. As an initial point, because Ms. Twine wasn't a "judge" as such in the proceedings below, that counsel's argument for dismissal of Ms. Twine from this case was predicated on the doctrine of *qualified* immunity is perhaps more understandable than it was with Judge Hatch. Nevertheless, the Court concludes that the relevant cases support applying absolute immunity to Ms. Twine's acts as well. See *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521-526 (7th Cir. 2001). Indeed, the extent of Plaintiff's allegations against her were as follows:

> A racial discrimination complaint was file[d] with the Judicial Inquiry Board, state of Illinois, against judge Dennis G. Hatch February 15, 2004. Defendant Kathy D. Twine, Judicial Inquiry Board, State of Illinois, did not contact the plaintiff. The board has a legal obligation to properly investigate complaints of racial discrimination. The board could not properly make a[n] accurate determination without hearing both sides of the case, but did so. Defendant Kathy D. Twine, Judicial Inquiry Board, State of Illinois was bias in there actions, because the plaintiff is black the judge Dennis G. Hatch is white.

(Doc. 18 at 7).

## **CONCLUSION**

The following is hereby **ORDERED**:

1. Plaintiff's paper "Requesting Hearing for Intervention" (Doc. 26), construed as a motion to amend his claim against Defendant Dennis Hatch, is **GRANTED,** and will be deemed to assert a claim against Defendant Hatch for injunctive relief as stated therein. The motion for a hearing (Doc. 26) is otherwise **DENIED as premature**.

2. Defendant Dennis Hatch's motion to dismiss the claims against him in this case (Doc. 19) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims for damages against

Defendant Hatch are **DISMISSED with prejudice**.

  3.  Defendant Kathy Twine's motion to dismiss the claims against her in this case (Doc. 19) is **GRANTED** and those claims are **DISMISSED with prejudice**.  The **Clerk of Court** is **DIRECTED** to **ENTER JUDGMENT** accordingly at the end of this case.

  4.  Defendant Edward Eytalis and Nova Clarry's motion to dismiss the claims against them in this case (Doc. 22) is **DENIED** as it merely incorporates arguments made by Defendants Hatch and Twine which have been rejected in this Order.


**IT IS SO ORDERED.**

**Dated: May 9, 2005.**

                  **/s/ J. Phil Gilbert**_____
                  **J. PHIL GILBERT**
                  **U.S. District Judge**