IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRUCE CLARRY,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **04-4167-JPG** |
| **EDWARD EYTALIS,** and **NOVA J. CLARRY,** | ) ) ) ) |
| Defendants. | ) ) |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to **28 U.S.C. §§636(b)(1)(B)** and **(C)**.

Before the Court is defendant's Motion for Sanctions. **(Doc. 80)**. The pro se plaintiff has not filed a response to the motion, and the time for doing so has now expired.

Plaintiff has exhibited a pattern of ignoring his responsibility to participate in discovery and of disobeying this Court's orders.

On May 12, 2006, this Court granted defendants' motion to compel and ordered plaintiff to serve his initial disclosures and to respond to discovery requests by May 19, 2006. **See, Doc. 69**. He did not do so. Defendants filed a motion for sanctions. The Court ordered plaintiff to show cause for his failure to obey the order. Plaintiff sought an extension to respond, and then filed an unsatisfactory response on June 8, 2006. Noting that plaintiff still had not served his initial disclosures, the Court ordered him to do so by June 23, 2006, and also ordered him to pay $100.00 as a sanction. **See, Doc. 79.**

1

The present motion states that plaintiff has once again ignored this Court's order. He has neither served his initial disclosures nor paid the $100.00 sanction.

This Court gave plaintiff the "warning shot" required by ***Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993)**. **See, Docs. 69 and 79.** Plaintiff has ignored the Court's orders and has thwarted defendants' attempts to do discovery and to prepare this case for trial.

**Fed.R.Civ.P. 37** authorizes dismissal of a case as a sanction for failing to serve initial disclosures and to respond to discovery requests. **Rule 41(b)** further provides that such a dismissal operates as an adjudication on the merits, unless the Court orders otherwise.

This case should be dismissed pursuant to **Rule 37(b)**. Such a dismissal is presumed to be with prejudice, as dismissal without prejudice "is a feeble sanction." ***Lucien v. Breweur*, 9 F.3d 26, 28 (7th Cir., 1993).**

### Recommendation

For the foregoing reasons, this Court recommends that defendant's Motion for Sanctions **(Doc. 80)** be **GRANTED**, and that plaintiff's complaint be dismissed with prejudice.

Objections to this Report and Recommendation must be filed on or before **August 2, 2006.**

**Submitted: July 14, 2006.**

    **s/ Clifford J. Proud**
    **CLIFFORD J. PROUD**
    **U. S. MAGISTRATE JUDGE**